UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RASHID HAMSAYEH, Individually and for Others Similarly Situated,<br>v.<br><br>PSRG, INC. | Case No. 4:20-cv-03243<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. PSRG, Inc. (PSRG) has failed to pay Rashid Hamsayeh, and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, PSRG pays Hamsayeh, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Hamsayeh brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

6. Hamsayeh worked for PSRG in this District in Harris County, Texas.

### THE PARTIES

7. Hamsayeh was an hourly employee of PSRG.

8. Hamsayeh worked for PSRG from December 2019 through March 2020.

9. His consent to be a party plaintiff is attached as **Exhibit A**.

10. PSRG is headquartered in Houston, Texas.

11. PSRG, Inc. is a company doing business throughout the United States, including in Harris County, Texas. PSRG may be served by serving its registered agent: Phillips & Reiter, 1300 West Sam Houston Pkwy, Suite 340, Houston, Texas 77042.

## COVERAGE UNDER THE FLSA

12. At all relevant times, PSRG was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, PSRG was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, PSRG was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

15. At all relevant times, PSRG had an annual gross volume of sales made in excess of $1,000,000.

16. At all relevant times, Hamsayeh and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

17. PSRG is a staffing company that provides Health Safety and Environmental personnel to the oil and gas industry, among others. *See generally* https://www.psrgroup.com/ (Last visited September 16, 2020).

18. Hamsayeh worked for PSRG from approximately December 2019 to March 2020.

19. Hamsayeh was a Project HSE Engineer for PSRG.

20. As a Project HSE Engineer, Hamsayeh would ensure employee and contractor compliance with PSRG's and its clients' regulatory safety protocols.

21. Hamsayeh reported the hours he works to PSRG on a regular basis.

22. Hamsayeh was not guaranteed a salary.

23. If Hamsayeh worked fewer than 40 hours in a week, he was only paid for the hours worked.

24. Hamsayeh regularly worked over 40 hours in a week.

25. In fact, Hamsayeh routinely worked five 10-hour shifts per week. Frequently, Hamsayeh worked six to seven 10-12 hour shifts.

26. Although he often worked 70 or more hours per workweek, PSRG never paid Hamsayeh any overtime but, rather, paid him straight-time-for-overtime.

27. The hours Hamsayeh and the Putative Class Members (defined below) work are reflected in PSRG's records.

28. Rather than receiving time and half as required by the FLSA, Hamsayeh only received "straight time" pay for overtime hours worked.

29. PSRG's "straight time for overtime" payment scheme violates the FLSA.

30. PSRG was and is aware of the overtime requirements of the FLSA.

31. PSRG nonetheless fails to pay certain employees, such as Hamsayeh, overtime.

32. PSRG did not guarantee Hamsayeh and Putative Class Members a salary.

33. PSRG's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

34. PSRG's illegal "straight time for overtime" policy extends beyond Hamsayeh.

35. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

36. PSRG pays dozens of workers using the same unlawful scheme.

37. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

38. The workers impacted by PSRG's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

39. Therefore, the class is properly defined as:

**All current and former employees of PSRG who were, at any point in the past 3 years, paid the same hourly rate for hours worked over 40 in a work week (or "straight time for overtime.") (Putative Class Members).**

## COLLECTIVE CAUSES OF ACTION

40. Hamsayeh incorporates all previous paragraphs and alleges that the illegal pay practices PSRG imposed on Hamsayeh were likewise imposed on the Putative Class Members.

41. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

42. Numerous other individuals, like Hamsayeh, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

43. Based on his experiences and tenure with PSRG, Hamsayeh is aware that PSRG's illegal practices were imposed on the Putative Class Members.

44. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

45. PSRG's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

46. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

47. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

48. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

49. Hamsayeh demands a trial by jury

## PRAYER

50. Hamsayeh prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding PSRG liable for unpaid back wages due to Hamsayeh and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    Fed. Id. No. 27157
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    Federal ID No. 1093163
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    Federal ID No. 21615
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**